DOLAN, Respondent, v. ROYAL NEIGHBORS OF AMERICA, Appellant.

St. Louis Court of Appeals, February 19, 1907.

1. CONTRACTS: Limiting Time to Sue: Statute of Limitations: Insurance. A provision in a policy of life insurance that no action should be maintained on the policy unless brought within one year from the date of the death of the insured, is a reasonable provision and, in the absence of a statute to the contrary, will be upheld by the courts notwithstanding a general ten-year Statute of Limitations.

2. ———: ———: ———: Conflict of Laws: Lex Loci Contractus. A provision in a life insurance policy that no action should be brought upon it after one year from the death of the insured, is a restriction or qualification upon the rights contained in the contract and is not in effect a Statute of Limitations; it goes to the substantial rights of the parties and not merely to the remedy so that it is controlled by the law of the place where the contract is executed and not by the law of the forum.

3. ———: ———: Waiver. A stipulation in a contract of insurance limiting the time in which suit may be instituted upon it may be waived by the officers of the insurance company having general authority to act for it.

4. ———: ———: ———: Evidence. In an action upon a mutual benefit life certificate which provided that no action could be maintained thereon unless brought within one year from the date of the death of the insured, a provision set up in the answer wherein it was claimed the action was brought after one year, evidence that certain officers of the defendant order persuaded the plaintiff not to sue within a year on the promise that the claim would be paid, was admissible as tending to show a waiver of that condition of the certificate.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*F. H. Bacon* for appellant; *Benjamin D. Smith* of counsel.

(1) The contract expressly provides that suit, if brought on the contract, must be brought within one year after the date of the death of the member. The contract, being made in the State of Illinois, between parties citizens of that State, and to be performed there, its validity must be determined by the law of Illinois. Roach v. Type Foundry, 21 Mo. App. 118. The stipulation has been held valid by the courts of Illinois. Ins. Co. v. Whitehill, 25 Ill. 466; Life Ass'n v. Treat, 98 Ill. App. 59. (2) Stipulations limiting the time for bringing suit on a contract have been generally upheld. Cray v. Ins. Co., 1 Blatchf. 280; Wilson v. Ins. Co., 27 Vt. 102; Riddlesbarger v. Ins. Co., 7 Wall. 386. In this State, prior to the statute of 1889, such stipulations were valid. Keim v. Ins. Co., 42 Mo. 42; Glass v. Walker, 66 Mo. 36. (3) This part of the contract is an essential part thereof, a condition precedent to liability, it does not relate to the remedy. The right is extinguished by the failure to bring suit in the stipulated time. Berkley v. Tootle, 163 Mo. 596; Thompson v. Ins. Co., 169 U. S. 29; Clothing Co. v. Sharpe, 83 Mo. App. 391; Smith v. Supreme Lodge, 83 Mo. App. 522; Ruhe v. Buck, 124 Mo. 184; 22 Am. and Eng. Enc. of Law (new Ed.), p. 1336; Pritchard v. Norton, 106 U. S. 132. The case clearly comes within the provisions of our statute, namely, section 4280, Revised Statutes 1889. (4) There was no waiver of this clause, and the court committed no error in excluding the testimony offered by plaintiff for the purpose of showing a waiver. The questions objected to were limited to the acts of the officers of the local body,

and no authority on their part was shown.   Assurance
Co. v. Bldg. Ass'n, 183 U. S. 308; Boyce v. Royal Circle,
99 Mo. App. 349; Lavin v. Grand Lodge A. O. U. W., 104
Mo. App. 349.

*James J. O'Donohoe* for respondent.

(1)  "Matters respecting the remedy, such as bring-
ing suits, admissibility of evidence, Statute of Limita-
tion, depend upon the law of the place where the suit is
brought."   Scudder v. Bank, 91 U. S. 406; Ruhe v. Buck,
124 Mo. 183; Thompson v. Ins. Co., 169 Mo. 29.   That
part of the certificate limiting the time within which
suit may be brought affects merely the remedy, and,
hence, is governed by the law of the forum.   Bradley v.
Norris, 63 Minn. 156; Wheeler v. Jackson, 137 U. S. 255.
Under the law of the forum the limitation is null and
void.   R. S. 1899, sec. 899; Karnes v. Ins. Co., 144 Mo.
413; Brower v. Supreme Lodge, 74 Mo. App. 490.   (2)
The limitation is against public policy.   Richard v. Ins.
Co., 31 Mo. 518; Ins. Co. v. Spinks, 26 Ky. Law 1205, 83
S. W. 615; Barnes v. McMurtry, 29 Neb. 184; Ins. Co.
v. Davis, 63 Ga. 471.   The *lex loci* is presumed to be the
same as that of the forum, unless shown to be otherwise."
1 Bacon on Benefit Societies and L. Ins. (2 Ed.), sec.175,
p. 284.   King v. Lane, 7 Mo. 241; Kollack v. Emmert &
Co., 43 Mo. App. 570; Flato v. Mulhall, 72 Mo. 522;
Goldsall v. Bank, 80 Mo. 631.   (3)   The statute of Lim-
itations of the State of Illinois is as much a part of the
certificate as the limitation clause is, for the statutes of
a State within which a contract is entered into becomes
a part of the contract as if copied into it.   Cravens v.
Ins. Co., 148 Mo. 604; Reed v. Painter, 129 Mo. 680; Ha-
vens v. Fire Ins. Co. 123 Mo. 417; State v. Grant, 79
Mo. 122; Wolff v. Berning, 74 Mo. 96; Brine v. Ins. Co.,
96 U. S. 858.   The law does not favor forfeitures, and
that portion of the certificate working a forfeiture must
give way to the other portion (Statute of Limitations),

avoiding the forfeiture. Connelly v. Benefit Society, 43 Mo. App. 283. Section 4280, Revised Statutes 1899, has no application in this case, for the cause of action on the certificate is not barred by the statute of the State of Illinois, and the assured having died in Missouri, the cause of action "originated" here. Life Association v. Shelton, 84 Mo. App. 638; Reppstein v. Ins. Co. 57 Mo. 86. (4) Appellant has waived its right to require the respondent to bring his suit within the time named in the certificate, in this, that it held out reasonable hopes to the respondent that the matter would be adjusted, and by so doing delayed the bringing of the suit until the limitation had expired. Ins. Co. v. Refrigerating Co., 162 Ill. 322; Ins. Co. v. Peck, 133 Ill. 228; Banking Co. v. Meyer, 93 Ill. 271; Ins. Co. v. Johnson, 52 Ill. App. 585; Life Ass'n v. Coats, 48 Ill. App. 185. (5) The limitation was waived by the conduct of the recorder of the supreme camp, and hence the question of authority is not in this case. It has been held that the officers of a local camp had power to waive the by-laws. Andre v. Modern Woodmen of America, 102 Mo. App. 377; Frame v. Woodmen of the World, 67 Mo. App. 127. And that an agent had power to waive, rescind or vary the whole or any portion of a policy. James v. Life Association, 148 Mo. 1.

STATEMENT.—The defendant is a fraternal beneficial association incorporated under the laws of the State of Illinois, with its home office in the city of Rock Island. It has a lodge system of government, etc. The plaintiff is beneficiary in a certificate of insurance issued by the defendant on the life of his wife, Mrs. Kate Dolan, payable to him in the event of her prior death. Mrs. Dolan having departed this life while in good standing in the order, and the defendant having declined to pay the plaintiff the insurance stipulated for, this suit was instituted to enforce its collection. The record discloses the following

facts: Plaintiff and his wife resided at the town of Glen Carbon, State of Illinois, at which place defendant maintained a local lodge or camp, and on the 30th day of November, 1900, the plaintiff's wife through her association with such local camp, became a member of the order and as such, held a certificate of insurance therein, by the provisions of which her husband, the plaintiff, Michael Dolan, became entitled to participate in the benefit fund of the order to an amount not exceeding $1,000 in the event of the prior death of his wife. Mrs. Dolan came to the city of St. Louis, Missouri, on or about April 17, 1901, to enter a hospital, and she died in said city on the following day, April 18th. In due time after her death, a claim was made by the plaintiff for the insurance. The claim was not paid nor was it immediately rejected, although it was rejected afterwards. About ninety days after his wife's death, plaintiff abandoned his home at Glen Carbon, Illinois, and took no immediate steps toward enforcing collection on the insurance certificate until the filing of this suit in the circuit court of the city of St. Louis, December 10, 1903, which was about two years and eight months after the cause of action accrued. The contract between the parties as evidenced by the seventh clause of the certificate of insurance, is as follows: "No action can or shall be maintained on this certificate unless brought within one year from the date of the death of said neighbor." The defendant, by its answer, admits the death of Mrs. Dolan and its refusal to pay the certificate, avers that the certificate was issued by the defendant, an Illinois corporation, to Mrs. Dolan, a resident of that State, and affirmatively pleads in bar of plaintiff's right of recovery, the stipulation of the contract respecting the limitation of one year's time for the institution of suit thereon, etc., together with the fact that this suit was not instituted until long after such limitation had expired. It is further alleged that Mrs. Dolan gave false

answers to certain questions propounded to her in her application for insurance; that such answers were warranties on her part and the consequent breach of such warranties which avoided the certificate. This latter defense, however, is unimportant in the present state of the record.

Plaintiff in his reply avers that the stipulation contained in the certificate respecting one year's limit on his right to sue, is void under the laws of Illinois as in conflict with the Statute of Limitations of that State as pleaded therein, from which statute as pleaded, it appears that the cause of action declared upon in this case would not be barred until the expiration of ten years from the date it accrued. The reply avers, secondly, that during the year next after the cause of action accrued, the defendant promised and represented to the plaintiff that the same would be paid by it, etc., and requested him not to sue on the certificate; that he relied upon such promises and representations of defendant and for that reason suit was not instituted within the limitation prescribed as it otherwise would have been; wherefore he avers that if the stipulation be valid, its provisions were waived by the defendant, etc. It will be observed that the contract was an Illinois contract, both of the parties being residents of that State at the time it was entered into, and all of the dues and assessments were paid in Illinois. While the cause of action accrued in Missouri, Mrs. Dolan having died here, she was here for medical treatment only, temporarily absent from her home in that State. As the questions calling for an opinion of the court arise primarily upon the validity of the stipulation of the contract quoted, and offer of proof tending to support the allegations of waiver in plaintiff's reply, it will be unnecessary to relate the evidence adduced on the trial further than to say that the plaintiff offered to prove that Myrtle E. Dade, beneficiary recorder of the order, promised him during the year next

after the death of his wife, that his claim arising by virtue of the certificate, would be paid by the order and requested him not to sue thereon; which offer was rejected by the court. At the conclusion of all the evidence on the part of the defendant as well as plaintiff, the court directed a verdict for the defendant, which the jury gave. On motion for new trial, the court set aside the verdict, however, assigning as its reason therefor that it erred in excluding the plaintiff's proffer of proof on the question of waiver and from its ruling setting aside the verdict, the defendant appealed.

NORTONI, J. (after stating the facts).—It would be entirely proper to pass over the matter of whether the stipulation in the contract providing a limitation of one year upon the time for instituting suit is valid or invalid, and affirm the judgment of the trial court in granting a new trial for the reason that it erred in excluding plaintiff's offer of proof that Myrtle E. Dade, beneficiary recorder of the order, promised the plaintiff, within the year mentioned, that his claim should be paid and requested him not to sue therefor, but counsel representing either party have requested that we give an opinion on the several law questions arising on the record. These questions therefore will be noticed as presented.

Plaintiff insists that the seventh stipulation in the contract, as follows:

"7th. No action can or shall be maintained on this certificate unless brought within one year from the date of the death of said neighbor,"

is void as against the public policy of the State of Illinois, manifested by its general Statute of Limitations providing that actions of the nature of this shall be barred in ten years from the date of accrual. We are not persuaded by this argument. It is shown by the admissions and stipulations of

counsel that there is no statute in the State of Illinois denouncing such stipulations between parties and by the decisions of the Supreme and appellate courts introduced in evidence on the trial, it appears the courts of that State uphold and enforce such contracts between its citizens as being entirely competent, proper and valid. [Peoria, etc., Ins. Co. v. Whitehill, 25 Ill. 466; Merchants Life Assn. v. Treat, 98 Ill. App. 59.] And so it was in this State as well prior to our statute on the subject declaring such provisions of no force, as will appear by reference to Keim v. Home Mut. Ins. Co., 42 Mo. 38; Walker v. State Ins. Co., 66 Mo. 32. The courts adhere to the doctrine that conditions of this kind in policies of insurance, are reasonable and that many good reasons exist why they should be sustained and enforced, provided they give a reasonable time for the enforcement of the claim. It is said their purpose and object, and in fact their effect, is to stimulate diligence on the part of one holding a claim against the insurer and they therefore militate against the presentation of stale demands, which are always discouraged in the law and for the reason that they enforce a speedy determination of the controversy while the proofs and witnesses are accessible and all matters pertaining to the cause are fresh in the minds of the parties. In the absence of a statute to the contrary, they are universally approved and upheld by the courts the country over. For authorities in point, besides those supra, see also Cray v. Hartford Ins. Co., 1 Blatch. 280; Wilson v. Aetna Ins. Co., 27 Vt. 99-102; Riddlesbarge v. Hartford Ins. Co., 7 Wall. 386; 13 Amer. and Eng. Ency. Law (2 Ed.), 385; 19 Amer. and Eng. Ency. Law (2 Ed.), 149; 1 Amer. and Eng. Ency. Law (2 Ed.), 325; May on Ins. (4 Ed.), secs. 478-482; Travelers Ins. Co. v. California Ins. Co., 8 L. R. A. 769. And it is well settled that such matter being a competent and proper subject of contract, the rights and obligations of the parties are there-

fore ascertained and fixed by the stipulation and the courts have no power to alter or annul their agreement by importing into such valid arrangement a general Statute of Limitations in lieu of the express agreement on the subject. The limitation in the contract in suit was therefore valid in the State of Illinois, notwithstanding its general ten-year Statute of Limitations, for the provisions of the general Statute of Limitations do not pertain to such contracts. [McElroy v. Continental Ins. Co., 48 Kan. 200; Riddlesbarge v. Hartford Ins. Co., 7 Wall. 386; Matthews v. Amer. Cen. Ins. Co., 9 App. Div. (N. Y.) 339; 13 Amer. and Eng. Ency. Law (2 Ed.), 387.]

2. It is next insisted by the plaintiff that inasmuch as such provision in the contract with reference to the time in which suits shall be instituted, is in fact a limitation upon the time to sue, it is therefore in the nature of a statute of limitation and as such, pertains to the remedy rather than to the substantial rights of the parties, and for this reason the *lex fori* instead of the *lex loci contractus* should control in this case in accord with the general rule pertaining to limitation statutes. And as the insured died and the cause of action accrued in this State, our statute, section 899, R. S. 1899, in the following language: "All parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void," is invoked as operating upon this provision of the contract, which, it is argued, pertains to the remedy and was therefore subject to the laws of the forum rather than to the laws of the seat of the contract. Now there are two very sufficient reasons why this argument is unsound. First, such provisions are universally held to be qualifications annexed to the right created under the contract and are sometimes mentioned and declared as standing on the same

ground as conditions precedent. [May on Ins. (4 Ed.), sec. 478.] It is determined to be a provision which not only has no reference to the Statute of Limitations, but imposes a restriction or qualification upon the rights vouchsafed in the contract entirely independent of the limitation statutes, so that instead of operating merely as a limitation upon the right to sue, it operates in the nature of a condition precedent to forfeit the liability when suit is not instituted within the stipulated time. For authorities in point, see Suggs v. Ins. Co., 71 Tex. 579; Williams v. Vt. Mut. Ins. Co., 20 Vt. 222; May on Ins. (4 Ed.), secs. 478-482; 19 Amer. and Eng. Ency. Law (2 Ed.), 149 and cases cited. The analogy of the Statute of Limitations is even denied, and the doctrine asserted is said to be true, even to the extent of denying a revival of the debt - after the limitation has expired by a new promise which would be sufficient to operate a revival under the limitation statutes. [See Williams v. Mut. Ins. Co., 20 Vt. 222; 1 May on Ins. (4 Ed.), sec. 482.] The reasoning above given must be and is sound from the general proposition laid down by Mr. Justice STORY in his Conflict of Laws, to the effect that a defense of discharge of a contract which is good under the law of the place where the contract is made or is to be performed, is to be held equally as good and valid in every other country or jurisdiction where the same may come to be litigated. [Pritchard v. Norton, 106 U. S. 124-132; Story, Conflict of Laws, sec. 331; 22 Amer. and Eng. Ency. Law (2 Ed.), 1336.] Now, in this view of the case, the stipulation here involved was valid in the State where it was made. It may be and no doubt was (we must so consider it, at any rate), a consideration without which the insurer would decline to have accepted the risk, knowing that in event of a resultant controversy, it was liable to be harassed by suit at any time within ten years, under the general Statute of Limitations, if a cause of action accrued on the certificate,

and the insurer having required the insured to so stipulate and agree as a condition of the insurance in a jurisdiction where such conditions are upheld and commended as valid, it is certain that this plaintiff could not have maintained a suit on the certificate in that State after the time limit therein, except in event of waiver. The stipulation therefore, unless waived, would operate as a valid defense and discharge under the laws of the State of Illinois for the reason that the plaintiff had forfeited his right by negligence and careless inattention, and it follows under the rule announced by Justice STORY, that the defense being good or operating as a discharge where the contract was made, must so operate in every other jurisdiction, otherwise the obligation of the contract and the substantial rights of the insurer vouchsafed therein are invaded under the guise of giving force to the remedy of a foreign jurisdiction which in truth amounts to an elimination of a substantial provision of the contract by the courts of this State and the importation therein of our statute declaring the provisions void and operating to affix liability against the defendant which had no existence under the valid contract on which the suit is predicated. Now, it is very true, as argued by the plaintiff, that in suits generally, the Statute of Limitations is regarded as pertaining to the remedy rather than the right, and that ordinarily, the law is administered with respect to the rule of such statutes as obtain in the State where the suit is had; that is to say, the Statute of Limitations of Illinois is not essentially parcel of an Illinois contract when sought to be enforced in this State and upon this principle, a court of a foreign State will administer relief in accord with the limitation statute of the State, where the action is pending. This proposition is not always true, however, for it is well settled that when the Statute of Limitations of the State in which the contract is made, operates to extinguish the contract

or debt itself, the contract or debt is then no longer enforceable elsewhere. It no longer falls within the law with respect to the limitation of remedy but stands as a contract or debt extinguished by the law of its parent state and when sued upon in a foreign jurisdiction, the *lex loci contractus* and not the *lex fori* will control on the principle that there being no longer a right in the parent state, there can be none elsewhere. [McMerty v. Morrison, 62 Mo. 140; Berkley v. Tootle, 163 Mo. 584-595, 63 S. W. 681; St. L. Type Fdry. v. Jackson, 128 Mo. 119, 30 S. W. 521.] And so it appears that the principle with respect to such Statutes of Limitation in this feature of its application, is identical as that above announced with respect to a valid contractual limitation operating a discharge in the State where made, for in either the case of a contract or the case of a statute of limitations, if the right is extinguished by the *lex loci contractus,* it will be adjudged by that law, even in a foreign jurisdiction as non-enforceable, notwithstanding the general principle that statutes of limitation pertain to the remedy only and are to be administered in accord with the *lex fori.* For the reasons above stated, we are persuaded and give the opinion that the provision in the certificate under consideration was a substantial provision embracing an element of its consideration in the nature of a restriction upon the contractual obligation and is to be determined by the laws of the place of the contract rather than as pertaining to the remedy and controlled by the laws of Missouri.

3. The record shows that the court sustained the motion for new trial and set aside the verdict because of error in its ruling excluding competent evidence offered by plaintiff tending to prove a waiver of the stipulation limiting the time in which suits should be instituted. Such stipulation is inserted in the contract for the benefit of the insurer and it may be waived by the officers having general authority in that behalf; the

same as any other provision inserted exclusively for its benefit. While it is said such promises of settlement as those mentioned in proof, made within the time limited by one in authority, amount to a waiver, they probably more properly operate to estop the insurer from taking advantage of the stipulation provided in the certificate. This is the view expressed in 13 Amer. and Eng. Ency. Law (2 Ed.), 390. See also Peoria, etc., Ins. Co. v. Whitehill, 25 Ill. 466-475; Thompson v. Phenix Ins. Co., 136 U. S. 287; May on Ins. (4 Ed.), sec. 488. The proof offered by plaintiff and excluded by the court was to the effect that Myrtle E. Dade, the beneficiary recorder of the order, and certain members of the local camp at Glen Carbon, within the year mentioned, persuaded the plaintiff not to sue on the certificate, saying that it would ruin the standing of the order in that community and promised him that the claim would be paid. Appellant argues that this proof was incompetent for the reason that the plaintiff failed to show the agency of either Myrtle E. Dade or the members of the local camp. Whatever may be said with respect to the members of the local camp, it is certain that the evidence of the promise of Myrtle E. Dade ought to have been admitted. She was an officer of the order as appears from the record, whose signature was required as beneficiary recorder on its certificates of insurance and her name appears on the certificate in suit. Mr. May says: "As the contract is a harsh one in its bearing on the insured and works a forfeiture when it is upheld, the courts do not require very stringent evidence in order to defeat its application." The by-laws in proof show that it was Mrs. Dade's duty to both issue and cancel certificates of insurance as therein detailed. Plaintiff knew this and any ordinarily prudent man would, under such circumstances, be justified in acceding to the request and relying upon the promise of this lady, whose authority was such as to require her sig-

nature to validate and her act to cancel a certificate. For the reasons given, the judgment of the trial court granting a new trial will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.