EMMA A. SMAIL, Respondent, v. COURT OF HONOR, Appellant.

Kansas City Court of Appeals, March 1, 1909.

1. **BENEFIT SOCIETIES: Insurance: Certificate: Contract: By-Laws.** A death benefit certificate issued by a fraternal beneficiary society is a contract of insurance subject to the rules and construction and interpretation applicable to such contracts and the member taking out the certificate has a property right conferred by his contract which the society cannot destroy or abridge without his consent clearly expressed.

2. ——: ——: ——: ——: ——: Impairment. A certificate bound the insured to "strictly comply with the constitution, by-laws and rules of the society now in force or to be hereafter enacted, amended or adopted." Subsequently the society passed a by-law changing the amount of the benefit in event of death under certain circumstances. ·Held, the by-law impaired the obligation of the contract and did not come within the terms of the agreement and therefore did not bind the insured nor his beneficiaries in the certificate.

3. ——: ——·: ——: ——: ——: ——. The stipulation in such certificate was intended to confer on defendant the power to enact reasonable laws for the regulation of the conduct of the member for the better protection and enforcement of property rights invested in him by the certificate.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*W. B. Risse* and *Jno. Sullivan* for appellant.

(1) The appellant being a corporation; the application and benefit certificates specifically, and in terms, referring to and making the by-laws of the society a part and parcel of the contract; the society had a right to enact by-laws; they are binding upon members and the members are presumed to know them. 16 Am. and Eng. Ency. of Law (2 Ed.), p. 867; 1 Thompson on Corporations (Ed. 1895), sec. 955, p. 773; Angell & Ames on Corporations, sec. 110, p. 92, and sec. 325, p. 365; 3 Clark & Marshall, Private Corporations (1 Ed.), p. 1938; Coleman v. Knights of Honor, 18 Mo. App. 189; Harvey v. Grand Lodge, 50 Mo. App. 472; 1 Watson, Corp., 235; Miller v. Millsboro Co., 42 N. J. E. 459. (2) The by-laws, referred to in this cause, are specifically made a part of the contract, and should be and must be read therein. As is also the application for membership. McDonald v. Bankers Line, 154 Mo. 618; State ex rel. v. Benefit Assn., 42 Mo. App. 485. (3) A violation of a condition of a policy annuls it. Bliss on Life Insurance,

secs. 207, 208; Smith v. Knights of Father Mathew, 36 Mo. App. 184. Marion B. Smail agreed that after-enacted by-laws shall be binding upon him, such being a part of his contract with his brother members, its reasonableness or unreasonableness cannot be a matter of issue. Morton v. Royal Tribe of Joseph, 93 Mo. App. 78; Brewer v. Supreme Lodge, 74 Mo. App. 490; State ex rel. v. Grand Lodge A. O. U. W., 70 Mo. App. 456; Richmond v. Sup. Lodge, 100 Mo. App. 18; Am. and Eng. Ency. of Law (2 Ed.), vol. 16, p. 854.

*Jas. W. Garner* and *I. B. Kimbrell* for respondent.

(1) Which the insured has no vested right in the fund such as would become assets of the estate after death, yet he has a vested right in the contract with the association whereby he is given the power to designate who shall receive and the amount that shall be received by those whom he designates as the recipient of his bounty and this is considered as in the nature of a property right, which the courts recognize and will protect. Lewine v. Supreme Lodge, 122 Mo. App. 555; Bacon on Benefit Societies (3 Ed.), p. 237; Zimmerman v. Supreme Tent, 122 Mo. App. 591; Hysinger v. Supreme Lodge, 42 Mo. App. 635; Fraelick v. Mut. Benefit Society, 93 Mo. App. 383; Lysight v. Stone Mason's Assn., 55 Mo. App. 538; Kerr on Insurance, p. 128. (2) Certificates on insurance are essentially contracts of insurance, and as such are subject to the same rules of law which govern and control contracts generally. Lewine v. Supreme Lodge, 122 Mo. App. 554; Morton v. Supreme Council, 100 Mo. App. 76; State v. Benefit Assn., 72 Mo. 146; Commonwealth v. Wheatley, 105 Mass. 149; Walsh v. Hill, 38 Cal. 481; Bruner v. Wheaton, 46 Mo. 363. (3) Conditions and provisions in certificates of insurance are to be strictly construed against the company or association as they tend to narrow the range and limit the force of the

principal obligation. Conditions providing for disabilities and forfeitures are to receive a strict construction for those whose benefit they are introduced. Penn v. Supreme Lodge, 83 Mo. App. 443; Foglesong v. Modern Brotherhood, 121 Mo. App. 548; Hale v. Insurance Co., 46 Mo. App. 508. (4) Such contracts or certificates of insurance as the one sued upon, creating and establishing obligations as it does are immune from future impairment, modification or change; and the amendment or by-law relied upon by the appellant did not alter or affect appellant's liability on the contract sued upon. The appellant is liable under the certificate, notwithstanding the subsequently passed by-law or amendment. Zimmerman v. Supreme Tent, 122 Mo. App. 591; Lewine v. Supreme Lodge, 122 Mo. App. 555; Norton v. Supreme Council, 100 Mo. App. 77; Sisson v. Court of Honor, 104 Mo. App. 283; Campbell v. Am. Ben. Assn., 100 Mo. App. 249; Pearson v. Indemnity Co., 114 Mo. App. 283; Smith v. Supreme Lodge, 83 Mo. App. 512; Sackberger v. Grand Lodge, 73 Mo. App. 38; Hysinger v. Supreme Lodge, 42 Mo. App. 628; Jarman v. Knight Templars, 95 Fed. 76. (5) Such a change in the by-laws to be effective must be expressly assented to by the assured. Smith v. Supreme Lodge, 83 Mo. App. 512. (6) The construction the appellant attempts to place upon the provision in the application granting the right to amend or alter the by-laws is unreasonable and is not the proper construction of such provision. Smith v. Supreme Lodge, 83 Mo. App. 527; Zimmerman v. Supreme Tent, 122 Mo. App. 601; Welch v. Hill, 38 Cal. 481; Kerr on Insurance, p. 128.

JOHNSON, J.—Plaintiff, the beneficiary of a death benefit certificate issued by defendant, a fraternal beneficiary society, to Marion B. Smail, a member of the society, brought this suit after the death of Smail to recover sixteen hundred dollars, the amount claimed to be due under the terms of the certificate. In its an-

swer, defendant tendered $100 as the full amount of the indemnity recoverable by plaintiff and denied further liability under the contract. A jury was waived, the cause was tried on an agreed statement of facts and plaintiff was given judgment for the amount demanded in her petition. Defendant appealed.

Defendant is a fraternal beneficiary society incorporated in Illinois and authorized to do business in this State. Smail became a member and received a death benefit certificate June 26, 1903. On the 17th day of September, 1904, while in good standing, he committed suicide "in delirium resulting from illness."

The certificate provided for the payment of an indemnity of $2,000 at the death of the member to Emma A. Smail "who bears relation to him of wife" subject to the following condition: "Provided, that if the death of the benefit member named herein occurs before the end of two years after the date of initiation, then in that event, this certificate, as provided in the constitution of the Society, shall be a probational one, and the amount to be paid to the beneficiary or beneficiaries herein named shall be as follows: In the case of death within six months after initiation, $1,200; in case of death after six months, and before the end of one year, $1,400; in case of death after one year, and before the end of eighteen months, $1,600; in case of death after eighteen months, and before the end of two years, $1,800; and in case of death after two years, the full amount of the certificate; and that said benefit member shall be entitled to disability benefits as provided by the constitution and laws of the society."

Smail died after he had been a member for more than one year and less than eighteen months; hence the claim of plaintiff that she is entitled to receive indemnity of $1,600.

Further, the certificate provides: "It is expressly agreed that the application for membership and medical examination upon which this certificate is issued,

the constitution, laws and rules of the Court of Honor, and this certificate shall constitute the complete and only contract between said benefit member and the society; shall be binding upon the beneficiary or beneficiaries named herein, and that said benefit member shall, in every particular, while a benefit member of the society, strictly comply with the constitution, laws and rules thereof, now in force or to be hereafter enacted, amended or adopted."

The application for membership made by Smail contained this agreement: "I further understand and agree that the laws of the order now in force or hereafter enacted enter into and become a part of every contract of indemnity by and between the members of the order and govern all rights thereunder."

At the time the certificate was issued, the by-law in force relating to suicide provided: "This order will not pay the benefits of members who commit suicide whether sane or insane, except it be committed in delirium resulting from illness or while the member is under treatment for insanity or has been judicially declared to be insane," etc.

July 1, 1903 (after the issuance of the certificate), the above by-law was amended by the society to read as follows: "If a benefit member commits suicide whether sane or insane, voluntarily or involuntarily, there shall be payable to the beneficiaries entitled thereto five per cent of the face of the certificate for each year he shall have continuously been a member of the society and after twenty years of continued membership, the certificate shall be paid in full." This by-law being in force at the time of the death of the member, it is contended by defendants that the amount of the indemnity must be determined by its provisions, hence the tender of $100, five per cent of the face of the certificate.

The only question presented for our determination is whether the indemnity due plaintiff under the con-

tract is to be measured by the by-law in force at the time Smail became a member and received the certificate, or by the by-law subsequently enacted which attempted to repeal the other. Death benefit certificates issued by fraternal beneficiary societies are contracts of insurance subject to the rules of construction and interpretation applicable to such contracts. During the life of the member insured, the beneficiary named in the certificate has no vested right to the insurance, but the member himself has a property right conferred by his contract with the society which cannot be destroyed or abridged without his consent clearly and unequivocally expressed.

We find no such expression in the certificate and application before us. The certificate merely bound the insured to "strictly comply with the constitution, laws and rules thereof now in force, or to be hereafter enacted, amended or adopted." The application contains the agreement of the insured that laws subsequently enacted should become a part of his contract of indemnity and "govern all rights thereunder." Neither of these instruments properly construed will support the view that the assured consented in advance that the society might impair or completely destroy his rights under the contract but only that such rules and regulations might be adopted as were best suited in the judgment of the society to maintain and effectuate the vested rights of the member.

We quote with approval from the opinion of the St. Louis Court of Appeals in Smith v. Supreme Lodge, 83 Mo. App. 512: "The fact that it reserved the right, by the assent of the member, to make future laws obligatory upon him, could not justly be deemed to comprehend the right to abate its debt, for that would *pro tanto* destroy the contract between the parties, and to permit one person to accept the consideration of a debt, and subsequently to deny a material part or all of such debt, would authorize a patent fraud, which the law

does not deem to have been within the intent of a mere general agreement for changes in the contract. Such an agreement only contemplates those changes which fairly consist with the full obligation entered into. It does not imply that the obligation itself should be lessened or destroyed at the will or caprice of the obligor, for that would involve injustice to one and ill-design on the part of the other of two parties to a contract."

To the same effect is what was said by the same court in Zimmerman v. Supreme Tent, 122 Mo. App. 591: "This court, however, has been consistent in holding, that the benefit contracted for cannot be destroyed or impaired by a subsequently enacted by-law, though the member agreed in advance that his contract should be governed by subsequently enacted by-laws, on the ground that a by-law which impairs the indemnity secured is unreasonable and could not have been in the mind of the member when he entered into the agreement. It seems most unreasonable that the member would agree in advance, that the very thing he was contracting for, to-wit, the benefit to accrue to his beneficiary, might be destroyed or impaired by the opposite party to the contract at any time in the future it might choose to do so, by passing a by-law. It would be extremely difficult, even rash, for the courts to determine in advance or even to classify the by-laws an association may pass which shall have a retrospective operation on the certificate of a member, who had agreed that his contract should be governed and controlled by future enacted by-laws, as well as by existing ones. It is much easier to determine whether or not a particular by-law acts retrospectively on contracts of insurance under such an agreement. According to the decisions in this jurisdiction, such a by-law cannot operate retrospectively, if its effect is to destroy or impair the benefit certificate. This would be accomplished if the by-law enacted a bar to a recovery on the certificate which did not exist at the time the

contract was entered into, and the same result would follow from a by-law extending a bar beyond the period of its limitation at the making of the contract. [State v. Miller, 50 Mo. 129; Tice v. Fleming, 173 Mo. 49, 72 S. W. 689; Chiles v. School District, 103 Mo. App. 240, 77 S. W. 82.] This doctrine is founded on the common sense idea that the member, in making an agreement that his contract should be controlled by future enacted by-laws, did not contemplate that the very thing he was contracting for, the benefits to accrue, might at the will of the association be destroyed, or impaired, and that a by-law which impairs the benefits to accrue is an unreasonable one." Another interesting and instructive case of the same tenor is. Lewine v. Supreme Lodge, 122 Mo. App. 547.

In these three cases, the subject is exhaustively and accurately treated and we refer to them and the authorities collated for a full expression of our views. We think it would be most harsh and unreasonable to hold that the language employed in the certificate and application gave license to defendant to destroy or impair its obligation under the contract without the consent of the other party to that contract. It is more consonant with reason and justice to say that the authority conferred on defendant did not go beyond that of enacting reasonable laws for the regulation of the conduct of the member and for the better protection and enforcement of the property rights vested in him by the issuance of the certificate. The learned trial judge took the proper view of the case and it follows that the judgment must be affirmed. All concur.