EMILY AMELIA SIMMONS, Respondent, v. MODERN WOODMEN OF AMERICA, Appellant.

Kansas City Court of Appeals, February 21, 1916.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Limitation of Action. Where a contract of insurance issued by a fraternal beneficiary association provides that no action shall be brought until proofs of death are filed and passed upon by the Board of Directors, nor unless brought within eighteen months from the death of the member, an action, brought within eighteen months after the beneficiary received final unequivocal notice of the rejection of the claim, is in time.

2. ——: ——: ——: **Hazardous Occupation.** A change of employment by a member of a fraternal benefit association to one within the class designated as hazardous does not preclude recovery by the beneficiary where it is shown that the insured or his agent notified the association through the clerk of his camp of such change of employment and thereupon the clerk agreed to so advise the chief officers of the association and to inform the insured if there were any steps to be taken and that the association for two years thereafter continued to collect and retain dues on the contract.

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart,* Judge.

AFFIRMED.

*Trueman Plantz, Bailey & Hart* and *F. M. McDavid* for appellant.

*Campbell & Ellison* and *Weatherby & Frank* for respondent.

JOHNSON, J.—This is an action on a death benefit certificate issued by defendant, a fraternal beneficiary association, to James Simmons who died in September, 1911, while in good standing with defendant. We held on a former appeal that the certificate was an Iowa contract which must be interpreted and enforced according to the laws of that State and reversed the judgment which plaintiff had recovered in the circuit court and remanded the cause for the reason that plaintiff had failed to prove the pertinent laws of Iowa and would not be entitled to recover if the laws of this State were applied to her cause. [See Simmons v. Modern Woodmen of America, 172 S. W. 492.]

At a subsequent trial in the circuit court without a jury plaintiff proved the laws of Iowa, the court again

rendered judgment in her favor and defendant again appealed. The defenses urged are the same as on the former appeal, viz., *first,* that the action is barred by a stipulation in the contract limiting the time in which suit thereon may be brought and, *second,* that the death of the deceased resulted from the hazardous employment of railroad brakeman in which he engaged after the certificate was issued and remained until the time of the injury which caused his death. The contract provided that if a member engaged in any such occupation defendant thereby would be exempt from all liability ''on account of the death of such member directly traceable to employment in such hazardous occupation,'' but further provided that a member who having engaged in such employment desired to have his certificate cover the hazards thereof would be entitled to such protection provided he ''made application therefor on blank prescribed by the Executive Council,'' paid the increased rate for hazardous insurance and furnished satisfactory proof that his health had not been impaired ''by reason of his employment in any of said hazardous occupations.''

The first defense is based upon a provision in the contract that ''no action can or shall be maintained on this certificate until after the proofs of death and claimant's right to benefits as provided for in the By-laws of this Society have been filed with the head clerk and passed upon by the Board of Directors. Nor unless brought within eighteen months from the date of the death of the member.''

The decisions in Iowa which plaintiff introduced in evidence and to which we referred in our former opinion interpret such provisions in insurance contracts to mean that the limitation period shall not begin to run until the cause of action accrues, i. e. until the right of the beneficiary to sue arises. [Kiisel v. Ins. Co., 131 Ia., 54; Read v. Ins. Co., 103 Ia. 307; McConnell v. Ins. Co., 79 Ia., 757; Brewing Co. v. Ins. Co., 111 Ia. 590, 82 N. W. 1023; Creamery Co. v. Ins. Co., 112 Ia. 608, 84 N. W. 904; Amy v. Dubuque, 98 U. S. 470.]

This is conceded by counsel for defendant who contend in their brief that under these decisions "the eighteen months' limitation began to run on the day said claim was passed upon and rejected by said Board of Directors to-wit, on the 16th of December, 1911." On the other hand, counsel for plaintiff argue, that the cause of action did not accrue until plaintiff was notified by defendant of its refusal to acknowledge the liability which the evidence of plaintiff tends to show was April 2, 1912, within eighteen months of the date when suit was brought.

Plaintiff appears to have the better of this discussion. Under the terms of the contract she had no right to sue until defendant rejected her demand and we think it was clearly contemplated and intended that she should refrain from suing until advised by defendant of such rejection. The undisclosed decision of defendant to reject her claim was not a rejection since defendant would have had the right to rescind that action at any time before its formal announcement to plaintiff. Defendant's proof shows that its board of directors did formally decide to reject the claim on December 16, 1911, and that plaintiff was notified of that decision by letters posted immediately thereafter but the proof of plaintiff shows that defendant afterward, in answer to letters from plaintiff or her agent, wrote a letter stating that the matter had been referred to defendant's general attorney with whom she could hold "further communication on the subject of the claim." The court, as a trier of fact, was entitled to infer from this proof that final unequivocal notice of rejection was not given plaintiff before April 2, 1912, and therefore within the limitation period of eighteen months and since the court has settled this issue of fact in favor of plaintiff and its decision is supported by substantial evidence, we have no ground to interfere.

Passing to the second defense we can add very little to what we said about it on the former appeal, except to observe that defendant appears to entertain an incorrect view of the contractual status of the deceased with defendant respecting the hazards of his employment as a railroad brakeman which continued a period of two years. The clerk of the local camp of which deceased was a member had no authority to waive or alter any of the terms of the contract which excluded the risks of certain hazardous employments, e. g. railroad brakeman, from those for which a death benefit would be paid. But the contract provided for the inclusion of such risks on certain prescribed terms and conditions. In substance the evidence of plaintiff shows that as the agent of her husband she went to the clerk of the local camp who was defendant's agent and the proper officer to receive applications for permits to engage in hazardous employments and after telling him that her husband had become a brakeman and would discontinue the insurance if it was "no good for a railroad brakeman" was informed that "everything was all right and.he would find out if there was anything I should do with the policy and if there was he would let me know." It will be observed that the clerk was not assuming authority to waive or alter any provision of the contract but after expressing the opinion that "everything was all right" assured plaintiff, in substance, that he would inform defendant's chief officers of the facts of the case and would advise her if there was anything further to be done to bring the risks of her husband's new employment within the scope of the certificate. It thereupon became a duty the clerk owed defendant to advise his superior officer of the facts that the member had entered into a hazardous service and desired to have its risks covered by the certificate. Whether or not he performed this duty is immaterial for he was the agent of defendant and his knowledge and acts received and performed in the course and scope of

his employment were the knowledge and acts of defendant.

This is not an instance of an attempted waiver of terms of the contract by a local agent, such as we had before us in Knode v. Modern Woodmen, 171 Mo. App. 377, where the beneficiary attempted to rely on an act of the agent which the member knew from the contract was unauthorized, but is an instance where the agent, pursuant to the contract and within the scope of the duties of his office, undertook to perform a task which his duty to his employer required him to perform, and for the breach of which his employer could not escape liability.

On the hypothesis of plaintiff's evidence, we must assume that the chief officers of defendant, with knowledge of all the facts, for two years collected and retained dues, etc. under the contract, knowing that the member, relying on the promise of its agent to advise him if defendant required anything more to be done, was resting in the belief that the certificate covered the risks of his hazardous employment. Under such facts we must hold the defendant itself, and not its local agent, waived the contractual exemption from liability for such risk.

The judgment is affirmed. All concur,