J. A. LEGRAND, Administrator, Respondent, v. SE-CURITY BENEFIT ASSOCIATION, Appellant.

Springfield Court of Appeals, May 8, 1922.

1. **APPEAL AND ERROR:** Attack on Instruction Held Abandoned. An attack by defendant on the first instruction for plaintiff will be deemed abandoned where defendant stated in his brief he raised that question, but did not again mention the instruction, and did not attempt to point out wherein it was erroneous.

2. **INSURANCE: Foreign Fraternal Benefit Certificate Cannot Limit Time Within Which to Sue.** Fraternal Beneficiary Association Act of 1911, section 9, now Revised Statutes 1919, section 6405, providing that the certificate, constitution, and laws, and etc., shall constitute the agreement, does not exempt such associations from the provision of Revised Statutes 1919, section 2166, that any agreement limiting the time in which suit may be instituted shall be null and void, so as to render valid a provision in such certificate issued by a foreign association requiring suit to be instituted within one year, when the laws of the State in which the association was incorporated, limited the time to five years, in view of Revised Statutes 1919, section 10273, which prohibits any by-laws from running counter to the laws of the State, so that foreign associations would have a privilege not conferred on those organized within the State if they were permitted to rely upon a by-law limiting the time for suit.

3. ———: False Statement in Application as to Consultation of Physician Defeats Recovery. A false statement in an application for fraternal benefit insurance that insured had not within the stated period consulted a physician or surgeon defeats recovery on the certificate issued on the application.

4. ———: Consulting Osteopath is not Consulting "Physician" or "Surgeon" Within Life Insurance Application. In view of Revised Statutes 1919, section 9202, providing that osteopathy is not the practice of medicine and surgery within the meaning of chapter 65, article 1, an osteopath is not a physician or surgeon, so that a statement in an application for fraternal benefit insurance that applicant had not consulted a physician or surgeon within one year was not false because during that period he had consulted an osteopath.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Frank Gass* and *S. W. Bates* for appellant.

(1) Answers in an application for life insurance in a fraternal beneficiary association, such as the defendant, are warranties. Valleroy v. Knights of Columbus, 135 Mo. App. 574; Clara B. Hoagland v. Modern Woodmen of America, 157 Mo. App. 15. (2) Our statutes (R. S. 1919, secs. 7623-7625) expressly recognize osteopathy as "a spstem, method or science of treating diseases of the human body." "It is true section 7623 provides that osteopathy is not to be the practice of medicine and surgery within the meaning of Article One of this chapter and not subject to the provision of said article; but the purpose so expressed is simply to segregate this particular system from those for the regulation of which Article One was enacted." Grace Atkinson v. American School of Osteopathy and Charles E. Still, 240 Mo. 338, 353. (3) The constitution, by-laws and beneficiary certificate, being the agreement and contract between the parties, provided that no action should be maintained on the certificate unless brought within one year from the date of the death of the member. The time begins to run from the time beneficiary received notice. Simmons v. Modern Woodmen of American, 194 Mo. App. 29, 32. (4) It is true our courts have held that an agreement providing that no action shall be maintained upon a policy brought within one year from the time of the death of the insured is void and constitutes no defense to an action on the policy. Roberts v. Modern Woodmen of American, 133 Mo. App. 207. (5) However, the above case was determined previous to the passage of the fraternal beneficiary association's act of March 30, 1911 (Laws 1911, pp. 284-301). Section 9 of said act providing "that the certificate, the charter or

articles of incorporation . . . and the application for membership . . . shall constitute the agreement between the society and the member'' R. S. 1919, sec. 6405.

*Morrison R. Pritchett* and *S. W. Robertson* for respondent.

(1) The certificates of fraternal beneficiary associations come within the terms and provisions of section 2166, R. S. 1919, concerning void limitations contained in contracts. Cobble v. Royal Neighbors of America, 236 S. W. 306. (2) Section 6405, R. S. 1919, (originally enacted Laws 1911, p. 286, section 9), relied upon by appellant as repealing or amending said section 2166, does nothing more than to provide what instruments shall constitute the contract. It does not undertake to define what provisions in these various documents may or may not be valid or binding on the members of the order. (3) The certificate involved in this case is a Missouri contract. Equitable Life Insurance Society v. Pettus, 140 U. S. 226; Crohn v. The Order of United Commercial Travelers of America, 170 Mo. App. 273; Lukens v. Int. Life Ins. Co., 269 Mo. 574. (4) Witness Schreiner was not proven to be a physician within the meaning of the contract-involved in this case. See sec. 7330, R. S. 1919, as to physicians; Granger v. Still, 187 Mo. 197, 224; Nelson v. State Board of Health, 57 S. W. 501, 504; Sec. 9202, R. S. 1919, et seq., as to osteopaths.

BRADLEY, J.—This is a suit on a fraternal benefit certificate or policy of insurance. The cause was tried to a jury and judgment went for plaintiff and defendant appealed.

On June 24, 1919, Clarence D. Fast made application for membership and policy in the Knights and Ladies of Security. He was duly accepted and a policy for $2000, naming Emma G. Fast, his wife, as beneficiary, was issued. The Knights and Ladies of Security

was taken over by defendant and it became responsible for the old order's contracts. Fast died on October 9, 1919, in good standing. Proofs of death were duly made and the claim rejected on January 12, 1920. Emma G. Fast, the beneficiary, died in November, 1920. Thereafter plaintiff was appointed administrator of the estate of Emma G. Fast, and filed this suit August 4, 1921.

The petition is in the usual form. The answer charged misrepresentations as to disease, health, and when treated by a physician, and a plea that since suit was not filed within one year from the date of the death of the insured recovery could not be had. Defendant abandoned all points except two. It is stated in defendant's brief thus: "There are three questions raised by the defendant in this case. The first delates to the propriety of the plaintiff's first and only instruction; the second, the time of bringing the suit covered by instruction "B" offered by defendant but refused by the court; the third, whether or not the deceased, Clarence D. Fast, consulted a physician, within the meaning of the constitution, by-laws, application for membership and certificate, and within five years previous to the filing of his application for membership." Defendant does not again mention plaintiff's instruction, and makes no attempt to point out why, wherein or how the instruction is erroneous, hence we take it that it has abandoned that ground. The two remaining points are well stated by defendant, and we take them up in the order stated.

(1) Instruction B requested by defendant and refused is as follows: "The court instructs the jury that it is agreed in this case that the deceased, Clarence D. Fast, died October 9, 1919; if you find and believe from the evidence that the beneficiary, Emma G. Fast, submitted proof of the death of the insured to the defendant company and her rights as such beneficiary and the defendant company refused to allow such claim and that this suit was not filed or instituted within one year thereafter, you will return a verdict for the defendant." The policy contained this provision: "No action in any court

can or shall be maintained on this certificate until after the proofs of death, and claimant's right to benefits, as provided in the laws of the order have been filed with the national secretary, and passed upon by the national executive committee, nor unless brought within one year from the date of death of the member." It was shown that the Knights and Ladies of Security was organized under the laws of the State of Kansas, and that the Statute of Limitations in Kansas on written contracts is five years. Defendant frankly concedes that our courts have held contrary to its contention on the one year provision. [Roberts v. Modern Woodmen, 133 Mo. App. 207, 113 S. W. 726.] Section 2166, Revised Statutes 1919, provides that: "All parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void." This statute was the basis for the ruling on the third defense set up in Roberts v. Modern Woodmen, supra, as it is the basis for other rulings of like effect. [Shearlock v. Mutual Life Ins. Co., 182 S. W. (Mo. App.) 89.] But defendant urges that the ruling in Roberts v. Modern Woodmen was prior to the passage of the Fraternal Beneficiary Association Act, in 1911. [Laws 1911, pp. 284-301.] Section 9 of that act, now section 6405, Revised Statutes 1919, provides that every certificate issued shall provide that the certificate, charter, the constitution and laws, the application and medical examination, and all amendments, etc., shall constitute the agreement. Defendant's contention is that section 9 of the Act of 1911, supra, in effect exempts fraternal insurance certificates from what is now section 2166. Section 2166 had been in force many years prior to 1911 (see Laws 1887, p. 99), and we are of the opinion that section 9 of the Act of 1911, does not have the effect of exempting defendant from the effects of the Act of 1887. Section 10273, Revised Statutes 1919, prohibits, as we see it, any by-laws running counter to the laws of the State. Section 10273, Revised Statutes 1919, was enacted in 1879, section 980,

Revised Statutes 1879, and has been carried through all the revisions without change. If we hold that defendant, organized under the laws of a sister State, is by virtue of the Act of 1911 exempt from the provisions of the Act of 1887, then the effect would be that a fraternal beneficiary association organized under the laws of some other State would have advantage, in the respect under consideration, over an association of like nature organized under the laws of this State. If the Legislature had so intended it is reasonable to assume that more definite intention would have been expressed than appears in the Act of 1911.

The one year provision in the policy sued on is taken from the constitution and by-laws and while that provision provides that no suit shall be brought unless within one year after the death of the member, defendant recognized that in no event could the claimed limitation begin to run until the beneficiary was notified of rejection (Simmons v. Modern Woodmen, 194 Mo. App. 29, 188 S. W. 932), and defendant so framed its refused instruction B, set out, supra. As stated, supra, the limitation in Kansas on the character of contract here is five years. If the one year provision in the policy at bar had been valid under the laws of Kansas as was the one year provision in the policy under consideration in Roberts v. Modern Woodmen, supra, by virtue of the Illinois law then a different question would be here; but there is no such situation here. It is our conclusion that instruction B was properly refused.

Did the insured make false answer as to consulting a physician? In the application he was asked this question: "Have you either consulted professionally or been treated by a physician or surgeon within the past five years?" Insured answered "No" to this question. The evidence shows, in fact it is admitted, that insured consulted and was treated by an osteopath in January prior to the application in June. If insured consulted or was treated by a physician or surgeon, as these terms are used in the application, in January prior to his appli-

cation in June then recovery cannot be had in this cause. [Cromeens v. Sovereign Camp, Woodmen of the World, 233 S. W. (Mo. App.) 287.] The question, therefore, is: Is an osteopath a *physician* or a *surgeon* as these terms are used in the application? Defendant asked and was refused this instruction: "The court instructs the jury that if you find and believe from the evidence that the deceased, Clarence D. Fast, had previous to the time of filing his application for membership in the Knights and Ladies of Security, and within five years theretofore, consulted with a physician or surgeon, and that he represented to said Knights and Ladies of Security at the time of making his application for membership that he had not so consulted with a physician or surgeon, you will return your verdict for defendant." This instruction was refused on the theory that an osteopath is not a physician or surgeon within the meaning of these terms in the application. What is now section 9202, Revised Statutes 1919, was enacted in 1897, Laws 1897, p. 206, and is as follows: "The system, method or science of treating diseases of the human body commonly known as osteopathy, and as taught and practiced by the American School of Osteopathy of Kirksville, Missouri, is hereby declared not to be the practice of medicine and surgery within the meaning of article I of chapter 65, and not subject to the provisions of said article." Section 7330, Revised Statutes 1919, a part of article 1, chapter 65, Revised Statutes 1919, which has been the law for many years (Laws 1901, p. 207), provides that it shall be unlawful for any person not a registered *physician* within the meaning of the law to practice medicine or surgery in any of its departments. Section 9202, Revised Statutes 1919, supra, which was enacted in 1897, specifically provides that the practice of osteopathy is not the practice of medicine and surgery within the meaning of article 1, chapter 65. In Granger v. Still, 187 Mo. 197, l. c. 224, 85 S. W. 1114, this language appears: "In other words osteopaths are not physicians or surgeons in any of the departments of medicine or

surgery, but may cure or relieve any disease of the human body according to the system, method or science as taught by the American School of Osteopathy of Kirksville, Missouri, or any other legally chartered and regularly conducted school of osteopathy.''

In Maupin v. Southern Surety Co., 205 Mo. App. 81, 220 S. W. 20, we held that a veterinarian was not a surgeon as that term is commonly understood. There we undertook to define *surgeon,* but there is nothing therein, especially in view of section 9202, Revised Statutes 1919, which runs counter to our conclusion here. There was no evidence that the insured consulted any one claimed to be a physician except an osteopath, hence instruction C was properly refused. The judgment below should be affirmed and it is so ordered. *Cox P. J.,* and *Farrington, J.,* concur.