## TURK v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13694. Decided May 31, 1934

Frank G. Jones, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, for defendant in error.

HAMILTON, PJ, and ROSS, J. (1st Dist), and WILLIAMS, J, (6th Dist) sitting

## OPINION

### By HAMILTON, PJ.

Nowhere in the charge did the court charge the purpose to kill a necessary element to constitute the crime. The statute is:

"Whoever, purposely, * * * or in perpetrating or attempting to perpetrate * * * arson, * * * kills another is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommend mercy, * * *."

It is apparent that the trial court took the view that the purpose applies to the setting fire to the building, or procuring it to be burned, or purposely aiding or abetting another. It was the common law rule that any act known to be dangerous to life, and likely in itself to cause death, done with the purpose of committing a felony, which caused death, was murder. Reg. v Serne and another, Cox's Criminal Law Cases, Vol. 16, page 311. This is not the law of the State of Ohio. The statute is clear and explicit and the provision is "Whoever, purposely kills." In other words, there must be a purpose and intent to kill before the crime of murder is complete. The charge of the court in substance is,

the purpose to do an act which results in death, completes the crime.

The record evidence, which is some 4000 pages, would be impossible to analyze in an opinion. There is no evidence in the record tending to prove a purpose or intent to kill. It is argued by the State that the defendant is presumed to intend the natural and probable consequences of his unlawful act. In other words, the State would have the jury and the court draw the inference that the defendant Turk, when the fire was set, intended or purposed to kill Clara Withers, who had an apartment on an upper floor some distance away from the part of the building wherein Turk's business was located. In no sense could this be considered as a natural and probable consequence of a burning of his store, for the purpose of securing insurance. It does not even tend to prove a purpose to kill her. This was a clear case of manslaughter, if any crime was committed. On this ground alone, the plaintiff in error would be entitled to a reversal of the judgment.

The evidence is amply sufficient to sustain the necessary conclusion of the jury that Turk was guilty of arson, which is an unlawful act, and if death intervened would constitute manslaughter. It may be that had the court submitted the included crime of manslaughter, the jury might have found Turk guilty of manslaughter.

Some of the grounds of error complained of, we do not find to be prejudicial, although technical error, to-wit: the admission of the statement of one Kammons with reference to the readiness of Turk for a fire, and some of the expert evidence given by the Chief of the Fire Department, also some evidence with reference to an alibi. The admission of this evidence is subject to criticism, but there is ample evidence in the record to justify the jury in finding the defendant Turk guilty of arson, and that death resulted by reason thereof to Clara Withers.

The question then presents itself to the court as to what should be done in the interests of substantial justice under the statute.

Sec 13449-1, GC, paragraph 4, provides:

"That the verdict is not sustained by sufficient evidence, or is contrary to law; but if the evidence shows the defendant to be not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included

therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, and this power shall extend to any court to which the cause may be taken by proceedings in error;"

The Constitution of Ohio gives this court authority to modify a judgment. If it be claimed that the statute of Ohio may not confer jurisdiction on the Court of Appeals, the power to modify, as provided in the Constitution, does authorize this court to modify a degree of crime included in the verdict returned by the jury.

As heretofore stated, the record discloses a clear case of the killing of a person in the commission of an unlawful act, which is manslaughter. It does not show a purpose or intent to kill requisite for murder in the first degree, as determined by the verdict. The court has, therefore, concluded to modify the verdict and judgment by reducing the express finding of murder to the included lesser crime of manslaughter; that the verdict and judgment of the Court of Common Pleas is set aside and the case is remanded to the Common Pleas Court with instructions to resentence plaintiff in error, Turk, to the Ohio Penitentiary for the period provided by the statute of Ohio for the crime of manslaughter.

ROSS and WILLIAMS, JJ, concur.