HARRY V. EYRING AND MABEL EYRING, RESPONDENT, v. KANSAS CITY LIFE INSURANCE COMPANY, APPELLANT.—129 S. W. (2d) 1086.

Kansas City Court of Appeals. May 8, 1939.

*McAllister, Humphrey, Pew & Broaddus* for appellant.

330

*George D. McIlrath* for respondents.

SHAIN, P. J.—An opinion in this cause was handed down by this court at our Octbober Term, 1938. A motion for rehearing was granted and cause re-submitted at March Term, 1939, of this court. The

opinion handed down at our October Term, 1938, was written by Commissioner SPERRY of this court.

After a careful review of the record and briefs, we conclude that the result reached in the former opinion is correct. We, there-fore, adopt the opinion of Judge SPERRY, and in explanation of con-clusion reached we add one paragraph at the close.

"Plaintiffs were beneficiaries in policy issued by defendant on life of insured, and sued for proceeds thereof. From judgment for plaintiffs defendant prosecutes this appeal. The parties will be referred to herein as above stated, just as they were in the trial court.

"Insured's mother, one of plaintiffs herein, was agent of defendant and accepted insured's application for the policy in question, which was a 'twenty pay life.' No money was actually paid by insured at any time, but her father, the other plaintiff herein who also on occasion sold insurance for defendant company, paid defendant $6.02, the net amount due defendant after deducting the agent's commis-sion from the full amount due as first premium. The application contained the following pertinent provisions, among others:

"1. The policy and the application together constitute the insur-ance contract.

"2. If this application is accompanied by the first premium in cash and shall be approved at the home office of the company, and a policy on the plan and for the amount applied for shall be issued while the applicant is alive and in good health, then the insurance shall be effective, subject to the terms and conditions of the policy, from twelve o'clock noon of the day this application shall be approved by the Medical Department at the home office of the company."

"3. If this application is not accompanied by the first premium in cash it is agreed that the company assumed no liability whatever until a policy of insurance is actually delivered to me during my lifetime and while I am in good health, and any money, check, note, obli-gation or other thing of value, given to the company or its agents, on account of the first premium on the policy applied for shall be held by the company merely as a deposit and not as payment until such time as the policy of insurance is issued and delivered to me during my lifetime and while I am in good health, after which the same shall be applied on such first premium charge; otherwise said deposit shall be returned to me or my heirs, executors or administra-tors."

The application was dated August 15, 1934. The policy sued on was fully executed by defendant on August 23, 1934, was registered in the office of the insurance commissioner on August 25, and deliv-ered to insured August 29, 1934. Insured died on September 28, 1935. No premium other than the first, was ever paid. If the con-tract of insurance became effective on the date of *execution* of policy,

then the grace period of thirty-one days had expired prior to death of insured and plaintiffs cannot recover; but if the insurance did not become effective until August 29, 1934, the date of delivery of the policy, then plaintiffs are entitled to recover, and the judgment should be affirmed.

This is true because the date the insurance goes into effect controls the date of the expiration of the first year and the beginning of the period of grace. [Johnson v. American Central Life Insurance Company, 212 Mo. App. 290, l. c. 303.]

Where the contract is ambiguous and uncertain as to the date the insurance becomes effective, and the language of the instrument or instruments constituting the contract is, susceptible of more than one interpretation, as sometimes occurs when the policy said one thing and the application states another; or if, for any reason, fair minded men may differ as to the effective date of insurance, that construction of the language sued will be adopted that is most favorable to insured in order to avoid a foreclosure. [Johnson v. American Central Life Insurance Company, supra, l. c. 306.] But unless such an ambiguity or uncertainty exists there is no more room for construction of an insurance contract, legally and fairly entered into by the parties, than there is for construction of any other contract. "The court cannot make contracts for the parties, and it is its duty to enforce them as the parties have made them." [Citizens National Life Ins. Co. v. Morris, 104 Ark. 288; Evans v. Equitable Life Assurance Society, 109 S. W. (2d) 380, l. c. 385.]

It was said in Prange v. International Life Insurance Co., 46 S. W. (2d) 523: "Courts are without authority to rewrite contracts, even insurance contracts, although it may appear that in some respects they operate harshly or inequitably as to one of the parties; they discharge their full duty when they ascertain and give effect to the intention of the parties, as disclosed by the contract which they have themselves made." [National City Bank of St. Louis v. Missouri State Life Company, 57 S. W. (2d) (Mo.), 1066, l. c. 1068.] This court, speaking through Judge BLAND, said: ". . . the parties were at liberty to enter into any sort of a contract they desired without interference by the courts, except for fraud, mistake, or the like, or lack of consideration." [Winters v. Reserve Loan Life Insurance Company, 221 Mo. App. 519, l. c. 524.] In the case at bar there is no claim made of fraud, mistake or failure of consideration. Consequently we must determine first, before we attempt to "construe" the policy, whether or not there is any uncertainty or ambiguity as to when the contract should become effective. If there is none then the contract speaks for itself.

We think the language quoted from the application, supra, which we have designated as paragraph 2, clearly fixes the date when the contract should become effective. It is plainly stated that both par-

ties agree that it should become effective as of 12 o'clock noon the day the medical department approved the application, provided that a policy thereon should issue. Such a policy did issue in this case, bearing date of August 23, 1934, and two days later it was registered in the office of the State Superintendent of Insurance. We cannot agree with the contention that a stenographer merely "wrote up" the policy. It was formally signed and executed by the officials of the company who are legally authorized to bind the company. From that date on, if insured had died immediately thereafter, and if the policy had never reached her or been delivered to her "during her life and good health", the beneficiaries thereunder would have been entitled to recover. The effective date of this contract was not made to, and did not, depend upon its *delivery to insured*. [State ex rel. Equitable Life Assn. v. Robertson, 191 S. W. 989, l. c. 929; Rowland v. Missouri State Life Insurance Company, 48 S. W. (2d) 31, l. c. 34.]

It is urged by plaintiff that the contract did not become effective until same was delivered. We think such an argument, to be sound, must rest upon a provision of the contract to that effect. [Pickett v. Equitable Life Assurance Soc., 27 S. W. (2d) 452, l. c. 454; Edwards v. Business Men's Acc. Assn., 205 Mo. App. 102, 221 S. W. 425.] Such is the principle of law announced in Helsey v. Insurance Company, 258 Mo. 659. But the principle has never been made to apply to contracts except where the contract contained a clause making the insurance "effective on delivery of the policy," and to contracts which were considered ambiguous and uncertain as to the effective date and were so construed by the court. [Kennedy v. National Accident and Health Insurance Company, 76 S. W. (2d) 748, l. c. 752; Scotten v. Metropolitan Insurance Company, 68 S. W. (2d) 60, l. c. 60; Hampe v. Metropolitan Life Insurance Company, 21 S. W. (2d) 926; Bigakle v. Mutual Life Insurance Company, 34 S. W. (2d) 1019; O'Maley v. Northwestern Mutual Life Insurance Company, 95 S. W. (2d) 852.] The opinion in these and other decisions of like import are bottomed on the holding in the Halsey case, *supra*.

It is also said by plaintiffs that the mere execution of the policy by defendant is not sufficient within itself to make the contract effective, but that, as in any other contract, the offeror must be legally notified of the acceptance of the offer, also the offeree might, if later events prompted him to so do, deny that he ever accepted said offer. Therefore to be binding on the parties, defendant must either have delivered the policy or have formally notified insured of its acceptance of the application. This may be true where it is not specified in the application that acceptance shall be signified by the doing of a positive act on the part of acceptor. The true rule in this

regard is stated by the Supreme Court in Daggett v. Kansas City Structural Steel Co., 65 S. W. (2d) 1036, l. c. 1039, in the following language: "The distinction between an offer which calls for a promise, and one which calls for the performance of an act, is that in the former, notice of acceptance is always essential, while in the latter such notice is not required if the act called for in the offer is performed, because performance of the act is an acceptance." [See also, 13 C. J. 284.] In the case at bar, acceptance of the application called for the performance of an act by defendant. Said act was performed, and its performance is susceptible of proof beyond the control of and outside of the files of defendant. This has been the law of Missouri since the promulgation of the decision in Keim v. Insurance Company, 42 Mo. 38, l. c. 41, where the court declared: ". . . when the company on the same day proceeded to make out and sign the policy, it ratified the application, and its consent was complete." We think there is no conflict as between the principles announced in the above quoted decisions and as reiterated herein, and the holding by the St. Louis Court of Appeals in Limbaugh v. Monarch Life Insurance Company, 84 S. W. (2d) 208.

It is finally urged that the effective date of the contract herein must be determined under the provisions of paragraph 3 of the application as above quoted, rather than under those contained in paragraph 2 thereof, for the reason that the application was not accompanied by cash. Plaintiff's evidence is to the effect that he paid the "net" to defendant when he handed defendant the application. It is admitted that insured herself did not deliver cash to defendant's agent, her mother, at the time the application was signed and delivered to said agent. Such a situation was discussed by the Supreme Court in National City Bank v. Missouri State Life Insurance Company, 57 S. W. (2d) 1066, l. c. 1067-1068. There insured did not pay the premium until almost a year after date and delivery of the policy, but the agent did pay it two months after delivery of the policy. The court said, l. c. 1069: "We know that the application provided that, if the first premium be not paid to the agent at the time of making application, the insurance shall not be effective until the policy is delivered and accepted by the insured and the first premium paid. But we are dealing with what respondent treats as inconsistent provisions. And we do not believe that the failure of Riley to pay the first premium when the policy was delivered should move us to give the contract made a more liberal construction than our courts have sanctioned heretofore in order to save respondent from the consequences of the non-payment of premiums on the specific days stated in the policy." We are of the opinion in this case that, since insured was a school girl and her parents were defendant's agents and handled the transaction and paid in the amount due defendant when the application was handed to it, it would be

straining the provisions of the contract to hold that effective date thereof is to be governed by the paragraph 3 above. Analogous authorities might be cited but we think it is sufficient to say that cash was paid to the company and the application was approved and policy issued. This completes the contract.

In explanation of our conclusion above we add that certain credits, inuring to the applicants for the insurance, are shown as considered by both parties as cash, and we conclude that neither party is now in position to contend otherwise. We must and do determine issues from facts as shown and not from speculation of what might have happened under a different state of facts. Judgment is reversed. All concur.