**NEW CREATIVE ENTERPRISES, INC., Appellant,**

v.

**DICK HUME & ASSOCIATES, INC., Respondent.**

**No. C2–92–1303.**

Court of Appeals of Minnesota.

Jan. 12, 1993.

Review Denied March 16, 1993.

Alfred L. Hoedeman, Christopher L. Farwell, Hoedeman & Christy, P.A., Minneapolis, for appellant.

Jeffrey G. Stephenson, Amy L. Platt, Petersen, Tews & Squires, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and Lansing and KLAPHAKE, JJ.

## OPINION

LANSING, Judge.

This appeal from summary judgment challenges the constitutionality and applicability of Minn.Stat. § 325E.37 (1990) (amended 1991), regulating the termination of sales representatives. We affirm the application of the statute but reverse the district court's determination that the statute as originally written was constitutional. We sever the unconstitutional provision precluding judicial review and remand the case for arbitration.

### FACTS

In 1986 New Creative Enterprises, Inc. (NCE) and Dick Hume & Associates, Inc. (Hume) entered into an oral sales representative agreement of indefinite duration. NCE is a manufacturer of gift products, and Hume became NCE's sales representative for territory that included Minnesota.

In 1990 the Minnesota legislature enacted Minn.Stat. § 325E.37, which required a manufacturer to show "good cause" before terminating a sales representative agreement. 1990 Minn.Laws ch. 539, § 1. The statute applied to agreements "entered into or renewed" on or after August 1, 1990. 1990 Minn.Laws ch. 539, § 5. It also required a sales representative to submit all claims under the statute to arbitration. Minn.Stat. § 325E.37, subd. 5(a) (1990). The statute made the arbitration binding on both parties and precluded judicial review of the arbitration decision. *Id.*, subd. 5(a) and (c).

After NCE terminated its agreement with Hume in January 1991, Hume filed a demand for arbitration. In May the Minnesota legislature amended the statute to require that a manufacturer submit its claims under the statute to arbitration, and to permit but not require a sales representative to submit its claims to arbitration. 1991 Minn.Laws ch. 190, § 1. The amended statute applies to all agreements "entered into or renewed" on or after August 1, 1991 and provides a definition of renewal of an agreement. 1991 Minn.Laws ch. 190, § 2(a). The arbitration clause of the amended statute applies to proceedings pending on or commenced after May 28, 1991. *Id.* § 2(b).[1]

NCE refused to participate in the arbitration, contending that the statute did not apply to its agreement with Hume. NCE's motion to stay the arbitration was denied. NCE brought a separate declaratory judgment action seeking a declaration that Minn.Stat. § 325E.37 does not apply to the agreement or, alternatively, that the statute is unconstitutional. The district court ordered NCE and Hume to participate in a limited arbitrability hearing on the issue of whether their agreement had been "renewed" for purposes of the statute. The court postponed arbitration on the merits pending a decision in the declaratory judgment action.

The arbitrator concluded that the agreement had been "renewed" and was therefore within the scope of the statute. In district court NCE and Hume made cross motions for summary judgment. The court denied NCE's motion for summary judgment, instead granting summary judgment for Hume, finding the statute constitutional, and ordering that the arbitration proceed on the merits. NCE appeals.

## ISSUES

I. Is the sales representative agreement within the scope of Minn.Stat. § 325E.37 (1990)?

II. Is Minn.Stat. § 325E.37 (Supp.1991) constitutional?

## ANALYSIS

### I

NCE first claims that its agreement with Hume does not fall within the scope of Minn.Stat. § 325E.37 (1990). It is undisputed that the NCE–Hume agreement was entered into in 1986 and terminated in January 1991. The original 1990 statute applied to all agreements "entered into or renewed" after August 1, 1990 but did not provide a definition of "renewed." No Minnesota appellate court has interpreted the term as used in the statute. Neither a dictionary definition nor the case law supplied to the district court furnishes a clear outline of the meaning of "renewed."

The 1991 amendatory law, which applies to all agreements entered into or renewed after August 1, 1991, does provide a definition of renewal for agreements of both definite and indefinite duration. It states that a sales representative agreement of indefinite duration is renewed if, "with the principal's consent or acquiescence, the sales representative solicits orders on or after" the effective date of the statute. 1991 Minn.Laws ch. 190, § 2(a)(2).

■ To apply a definition from a 1991 session law to a term undefined in a 1990 statute is, to some extent, a retroactive

1. Section 2 of 1991 Minn.Laws ch. 190, signed by the governor on May 27, 1991, does not appear in Minn.Stat. § 325E.37. For that rea-

son we cite alternately to the statute and the session law.

application. Generally, a statute is not retroactive unless the legislature specifically so provides. *Rural Am. Bank of Greenwald v. Herickhoff*, 485 N.W.2d 702, 706 (Minn.1992); Minn.Stat. § 645.21 (1990) (presumption against retroactive effect); Minn.Stat. § 645.31 (1990) (construction of amendatory and reference laws). However, clarifications are to be read into statutory laws retroactively. *Herickhoff*, 485 N.W.2d at 707. *But see State by Cooper v. French*, 460 N.W.2d 2, 4 n. 2 (Minn.1990) (although statute was amended to clarify the definition of marital status discrimination, the supreme court declined to apply the definition retroactively).

■ The 1991 amendatory law stated that it had been enacted for the purpose, inter alia, of "clarifying certain provisions." 1991 Minn.Laws ch. 190 (preamble). We view the 1991 definition of "renewed" as a clarification and apply it to the NCE–Hume agreement. NCE acknowledged at oral argument that Hume solicited orders for NCE between August 1, 1990, the effective date of the statute, and January 1991, when the agreement was terminated. Consequently, the agreement was "renewed" within the meaning of the statute, and we affirm the district court's ruling on the statute's applicability.

## II

■ NCE also asserts a facial challenge to the constitutionality of Minn.Stat. § 325E.37 (1990) (amended 1991). NCE put forth several constitutional theories. Because of the prearbitration posture of this case, we address only the due process guarantee of the Fourteenth Amendment and hold that the statutory provision precluding judicial review is unconstitutional on that basis.[2] We sever that provision from the statute and uphold the constitutionality of the remaining provisions of Minn.Stat. § 325E.37.

Neither state nor federal case law establishes to what extent due process requires judicial review of an arbitrator's decision, but the case law recognizes that some level of review must be provided. *See Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568, 592, 105 S.Ct. 3325, 3339, 87 L.Ed.2d 409 (1985) (federal statute requiring binding arbitration and providing limited review "does not obstruct whatever judicial review might be required by due process"); *Republic Industries v. Teamsters Joint Council*, 718 F.2d 628, 640 (4th Cir. 1983) (compulsory arbitration does not deny due process so long as fair procedures are provided and judicial review is ultimately available), *cert. denied*, 467 U.S. 1259, 104 S.Ct. 3553, 82 L.Ed.2d 855 (1984).

The Minnesota Supreme Court has stated that due process includes the right to judicial review:

> The words "due process of law" when applied to judicial proceedings mean a course of legal conduct consonant with rules and principles established in our system of jurisprudence for the protection and enforcement of private rights. Due process requires notice before judgment and an opportunity to be heard in an orderly proceeding adapted to the nature of the case, and the right of appeal from or review of a decision regarded by a litigant as unjust.

*Hunter v. Zenith Dredge Co.*, 220 Minn. 318, 326, 19 N.W.2d 795, 799 (1945).

Although not tying it specifically to due process considerations, the Minnesota Supreme Court has also held that the ability to review an arbitrator's decision for constitutional error must be preserved. *McGrath v. State*, 312 N.W.2d 438, 442 (Minn.1981). The United States Supreme Court has stated that any statutory provision purporting to preclude judicial review of constitutional issues raises serious questions about the constitutionality of that statute. *Johnson v. Robison*, 415 U.S. 361, 366, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389

---

**2.** Ordinarily constitutional issues are raised at the conclusion of the arbitration process at the time of judicial review. *McGrath v. State*, 312 N.W.2d 438, 442 (1981). Our limited prearbitration review is appropriate here because we ad-

dress whether NCE is constitutionally entitled to any postarbitration judicial review. *See City of Richfield v. Local No. 1215*, 276 N.W.2d 42, 51 (Minn.1979).

(1974). Whether a reviewing court will examine an arbitrator's decision for nonconstitutional errors of law depends on the nature of the dispute that was arbitrated. *See Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988) (doctrine that arbitrator is final judge of both law and fact works well in context of labor collective bargaining agreement but not in no-fault automobile insurance context).

■ The Minnesota Uniform Arbitration Act, which applies to voluntary arbitration agreements, provides for judicial review to affirm, vacate, modify, or correct an arbitration award. Minn.Stat. §§ 572.18–.20 (1990). A court may examine the arbitration process for evidence of corruption, fraud, partiality, prejudicial misconduct, and exceeding the scope of the arbitrator's power. Minn.Stat. § 572.19. A court may also examine the award itself for evident miscalculation or mistake and to see whether the arbitrator made an award upon a matter not submitted. Minn.Stat. § 572.20.

This level of review is provided to parties that have consented to arbitrate their disputes, thereby voluntarily relinquishing their primary recourse to the courts. *See* Minn.Stat. § 572.08 (1990). Due process demands no less when a party is required by statute to submit a dispute to arbitration.

■ This court must interpret a statute, if possible, in such a way as to uphold its constitutionality. *St. Paul Cos. v. Hatch*, 449 N.W.2d 130, 137 (Minn.1989). Although Hume argues that the statute as written can be interpreted to allow judicial review under the Minnesota Uniform Arbitration Act, the language of the statute indicates otherwise. The statute's arbitration provision states that, *"[e]xcept as provided in paragraph (c)*, the arbitration proceeding is to be governed by the uniform arbitration act, sections 572.08 to 572.30."* Minn.Stat. § 325E.37, subd. 5(a) (emphasis added). Paragraph (c) provides:

> The decision of any arbitration hearing under this subdivision is final and binding on the sales representative and the manufacturer, wholesaler, assembler, or importer. The district court shall, upon application of a party, issue an order confirming the decision.

*Id.*, subd. 5(c). In light of the statute's express command that paragraph (c) is to supersede the arbitration act, we cannot interpret the statute to allow for judicial review under the arbitration act.

■ When a provision of a statute cannot be interpreted to be consistent with the constitution, the provision may be severed. Minn.Stat. § 645.20 (1990). The unconstitutional provision can be excised by severing paragraph (c) and the phrase "[e]xcept as provided in paragraph (c)" in paragraph (a) of subdivision 5 from the statute. The remaining language will then provide judicial review under the uniform arbitration act. Severance is not permitted if it is prohibited by the statute or

> unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

*Id.*

Minn.Stat. § 325E.37 does not indicate that its provisions are not severable. Furthermore, its preclusion of judicial review of the compulsory arbitration decision is not so intertwined with its "good cause termination" purpose that the statute cannot stand once the former is severed. The goal of arbitration is to promote the prompt and efficient yet fair resolution of disputes. The requirement of a level of judicial review sufficient to satisfy the constitutional guarantee of due process is consistent with that goal and does not impede the statute's overall purpose of requiring manufacturers to show "good cause" before terminating sales representative agreements.

## DECISION

Due process requires that statutes providing for compulsory binding arbitration of disputes must also provide a minimal level of judicial review of the arbitration process and award. The district court correctly ruled that Minn.Stat. § 325E.37 applies to the sales representative agreement. However, we find the statute's provision precluding judicial review of the arbitration decision unconstitutional. We sever that provision from the statute and remand the case for arbitration on the merits.

Affirmed in part, reversed in part, and remanded.