_____

No. 95-1951
_____

Anderson Marketing, Inc.,              *
                                       *
          Plaintiff-Appellant,         *
                                       *
     v.                                *
                                       *  Appeal from the United States
Design House, Inc.; Benson             *  District Court for the
Manufacturing Corporation;             *  District of Minnesota.
The Butter Hardware Co.;               *
Roy Butter; Bruce A. Littman;          *  [TO BE PUBLISHED]
Terry L. Mather; James A.              *
Felber; Ed Harlin,                     *
                                       *
          Defendants-Appellees.        *

_____

                    Submitted:  November 17, 1995

                      Filed:  December 5, 1995
                    _____

Before HANSEN, LAY, and MURPHY, Circuit Judges.

_____

PER CURIAM.


     This is a diversity case involving an alleged breach of contract.
We affirm the judgment of the district court.


     In 1986, Anderson Marketing, Inc. ("Anderson") entered into a sales
representation agreement ("the 1986 Agreement") with Design House, Inc.
("Design House").  By its terms, Anderson was to serve as the exclusive
marketing agent for Design House's plastic exterior shutters, bathtub and
shower wall kits, and rain diffusion products.  The 1986 Agreement was
terminable at will by either party upon thirty days written notice.


     In May 1991, Anderson secured an account with Menards for the
purchase and sale of a new product, "tub-surrounds."  On October 1,

1991, Design House advised Anderson that, effective November 1, 1991, it was terminating the 1986 Agreement.

Anderson then brought this litigation against Design House, alleging promissory estoppel, quantum meruit, fraud, and, most important to this appeal, breach of contract under Minn. Stat. § 325E.37 (1994), which prohibits the termination of sales repre-sentation agreements without good cause, ninety days written notice, and sixty days to cure deficiencies in performance.[1]

---

[1]Minn. Stat. § 325E.37(2) provides in relevant part:

**Termination of agreement**. (a) A manufacturer . . . may not terminate a sales representative agreement unless the person has good cause and:

(1) that person has given written notice setting forth the reason(s) for the termination at least 90 days in advance of termination; and

(2) the recipient of the notice fails to correct the reasons stated for termination in the notice within 60 days of receipt of the notice.

The statute applies to all sales representation agreements entered into or renewed on or after August 1, 1990, the effective date of the statute. 1990 Minn. Laws, ch. 539, § 5. In 1991, the Minnesota legislature clarified that an agreement is "renewed" if:

(1) the period as specified in the agreement has expired or expires, but the relationship has continued or continues, either for a new specified period or for an indefinite period; or

(2) the agreement is for an indefinite period, and "with the principal's consent or acquiescence, the sales representative solicits orders on or after" August 1, 1990.

1991 Minn. Laws, ch. 190, § 2(a).

The Minnesota Court of Appeals has interpreted this provision as a clarification of Minn. Stat. § 325E.37 which is applicable retroactively to the effective date of the statute. New Creative Enters., Inc. v. Dick Hume & Assoc., 494 N.W.2d 508, 511 (Minn. Ct.

The district court granted summary judgment in favor of Design House. The court reasoned that, although Minn. Stat. § 325E.37 applies retroactively to the parties' 1986 Agreement, the act thus applied violates the Contract Clauses of the Minnesota and United States Constitutions. The district court also dismissed Anderson's various other state law claims on the grounds that they do not allege a proper claim upon which relief can be granted.

On appeal, although Anderson challenges virtually all of the district court's rulings, the company primarily contends the court erred in dismissing its breach of contract claim under Minn. Stat. § 325E.37.[2] Anderson argues that the parties entered into a new and separate agreement governing the tub-surrounds account in 1990, subsequent to the adoption of Minn. Stat. § 325E.37. If we were to accept this argument, there would be no need to apply the statute retroactively. However, we find no support for Anderson's claim that the parties entered into a new agreement in 1990. There is no dispute that the 1986 Agreement expressly precluded oral modifications. Yet Anderson offers no evidence of any written modification. Moreover, the district court expressly rejected Anderson's claim in holding that the parties did not substantially or materially alter the 1986 Agreement; if the parties did not substantially alter the 1986 Agreement, they certainly did not create a new agreement.[3]

_____

App. 1993).

[2]Anderson challenges the lower court's rulings with one notable exception: he does not contest its ruling that, applied retroactively, Minn. Stat. § 325E.37 is unconstitutional. When asked at oral argument whether he conceded that the statute, applied retroactively, is unconstitutional, counsel for Anderson Marketing replied that a challenge to that holding was implicit in his other arguments. We disagree. One searches Anderson's briefs in vain for even hints of such an argument.

[3]The district court observed:

The object of any sales representation agreement, including the one at issue herein, is to solicit and obtain orders for the manufacturer. Therefore, merely requiring a sales representative to solicit orders with the principal's consent or acquiescence to trigger application of the

-3-

Contrary to Anderson's contention, had the lower court accepted the argument that there was a new agreement, it would not even have reached the question of retroactivity and the constitutional issue. Thus, we think it is clear that, unless the statute is applied retroactively, Design House did not breach the 1986 Agreement when it exercised its right to terminate on thirty days notice. As indicated, however, the trial court found that the 1986 Agreement was renewed, but held that applying the statute retroactively would violate the Contract Clause.

We affirm the judgment of the district court without review of its constitutional reasoning for two reasons: first, the record amply demonstrates that the parties did not enter into a new contract after passage of the statute; and second, although, contrary to Anderson's assertions, the district court did find that the 1986 Agreement was renewed,[4] the company raises no argument, either in its briefs or at oral argument, that the district court's constitutional reasoning was incorrect.

It is a fundamental rule of federal appellate procedure that we may only pass on a district court's ruling if a party challenges that ruling on appeal by raising the issue in its opening brief. Fed. R. App. P. 28(a)(2), (4); see, e.g., Nolte v. Peterson, 994 F.2d 1311, 1315 (8th Cir. 1993); Borough v. Duluth, Missabe & Iron Range Ry., 762 F.2d 66, 68 n.1 (8th Cir. 1985); Mississippi River Corp. v. F.T.C., 454 F.2d 1083, 1085-86 (8th Cir. 1972); Pet Milk Co. v. Boland, 185 F.2d 298, 302 (8th Cir. 1950). This rule

---

statute is nothing more than a continuing of the contractual relationship. This results in [a] retroactive application of the statute.

Dist. Ct. Op. at 4.

[4]See Note 3, supra.

applies with even greater force in a case involving a constitutional question, as federal courts should be hesitant to render an unnecessary decision that a statute, as applied, is or is not constitutional. Here, Anderson raises no argument concerning the constitutional issue. We are thus precluded from addressing the constitutional reasoning of the court below.

In summary, we find that the evidence does not support Anderson's claim that the parties entered into a second agreement after passage of the Minnesota statute. We agree with the district court's conclusion that, at best, the evidence supports only the finding that the 1986 Agreement was renewed to include Menards' sales, which requires the retroactive application of the statute. Since the constitutional issue is not before us, this finding alone requires that we affirm. We also affirm the dismissal of Anderson's alternative claims of promissory estoppel, quantum meruit, and fraud, for the reasons set out by the district court.

AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.